QUESTION: Does a finding of no probable cause at the preliminary hearing as to an alleged violation of a condition of parole prohibit subsequent consideration of that violation at the final parole revocation hearing?
SUMMARY: A finding by the hearing officer that no probable cause exists at a parolee's preliminary revocation hearing does not preclude the commission from consideration of those charges at the final parole revocation hearing, assuming the minimum due process requirements set forth in Morrissey v. Brewer are satisfied. The "preliminary hearing" in parole revocation proceedings mandated by Morrissey v. Brewer, 408 U.S. 471 (1972), is to determine the existence of probable cause or reason to believe the arrested parolee has committed acts that would constitute a violation of his parole. While this preliminary parole revocation hearing also serves the purpose of gathering and preserving live testimony, since final revocation hearings are frequently held at some distance from the place where the violations occurred, and the parolee may appear and present evidence on his own behalf, the hearing officer is not required to make formal findings of fact and conclusions of law but is required only to state the reasons and evidence relied upon in determining whether probable cause exists to hold the parolee for a final decision of the commission on revocation. As you are aware, Morrissey v. Brewer, supra, also mandates that prior to a final decision of revocation the parolee be afforded the opportunity for a "hearing" if desired. This "revocation hearing" is more than a determination of probable cause, being a final evaluation of contested relevant facts plus consideration of whether the facts warrant parole revocation. Again the parolee has the opportunity to be heard to present evidence that he did not violate the conditions of parole and/or evidence in mitigation suggesting the violation does not warrant revocation. While the minimum requirements of due process require the parolee be given written notice of the claimed parole violations, the final revocation hearing is not equatable with a criminal prosecution in any sense, and evidence, including material which would not be admissible in an adversary criminal trial, may be considered. It is clear that the two-step procedure is first to determine whether a parolee should be held for a determination of whether he violated the conditions of his parole. Then at the second or final revocation hearing, if desired by the parolee, contested facts be resolved and a decision be reached whether the violation or violations did occur and whether revocation is warranted. Thus, while the commission, or commissioner if the final hearing be held before only one member, is required to enter a written statement as to the evidence relied on and reasons for revoking parole, evidence may be taken on all claimed violations set forth in the written notice, and a finding of no probable cause at the preliminary hearing will not limit the evidence to be presented at the final revocation hearing.